IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| DAVID BLACKWELL,<br><br>**Plaintiff,**<br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY and MARSH & MCLENNAN COMPANIES INC.,<br><br>**Defendant.** | Case No.  3:19-CV-503-CHB |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Hartford Life and Accident Insurance Company, the defendant improperly named as "The Hartford," ("Hartford" or "Defendant") and Marsh & McLennan Companies, Inc. ("Marsh") hereby file this Notice of Removal of this case from the Circuit Court of Jefferson County, Kentucky, Case No. 19-CI-03328, where it is currently pending, to the United States District Court for the Western District of Kentucky. As discussed below, removal of this action is proper pursuant to this Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331 and § 1441, because Plaintiff's claim against Hartford invokes the Court's federal question jurisdiction under the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Defendants respectfully show the Court as follows:

1. Plaintiff David Blackwell instituted a civil action against Hartford in the Circuit Court of Jefferson County, Kentucky, on May 30, 2019. True and correct copies of the Complaint and Summons, which are all of the pleadings, process, and orders served upon Defendants in the Circuit Court action, are attached hereto as Exhibits A and B.

2. Plaintiff's Complaint was served upon CT Corporation System, as agent for service of process for Marsh, on June 12, 2019. Plaintiff's Complaint was served upon the Secretary of State for the Commonwealth of Kentucky on June 10, 2019, who forwarded it on June 12, 2019, to Hartford, who received it June 17, 2019. Accordingly, this Notice of Removal is filed within thirty (30) days after receipt by any Defendant of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

3. This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, in that Plaintiff's claim invokes this Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.

4. The United States District Court for the Western District of Kentucky

is the federal judicial district embracing the Circuit Court of Jefferson County, Kentucky, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 97(b) and 1441(a).

## FEDERAL QUESTION JURISDICTION

1. In his Complaint, Plaintiff alleges that he was insured under a self-funded, non-ERISA short-term disability ("STD") plan offered by his employer, Marsh, and under a long-term disability ("LTD") policy issued by Hartford to Marsh. (*See* Exhibit A at 3 (¶¶ 7-11)). Based upon the alleged termination of Plaintiff's STD benefits and that said STD termination allegedly "cut[ting] off Plaintiff's access to LTD benefits," he seeks disability benefits due through the present[1], attorney's fees and expenses "for enforcing his contractual rights" and "in connection with the unlawful denial of benefits," "any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA," and "any and all relief to which Plaintiff may be entitled under any legal claim." (Exhibit A at 3 (¶¶ 11, 14), 4 (¶¶ 23-25), 5 ("WHEREFORE" paragraph)).

2. While Marsh's STD policy is a non-ERISA payroll practice benefit, the LTD component of Marsh's employee welfare benefit plan (the "LTD Plan") is part of an "employee welfare benefit plan," 29 U.S.C. § 1002(1), under ERISA. A copy of the LTD Plan is attached hereto as Exhibit C. It expressly references

---

[1] The maximum payment period for STD benefits under the Plan was 26 weeks through December 4, 2018; therefore, Plaintiff's May 30, 2019 Complaint's reference to the LTD policy and request for benefits through "the present" shows that he also seeks LTD benefits in this action.

3

ERISA and provides a statement of participant's rights under ERISA. (*See* Exhibit C at 2, 16, 18, 33, 58-63, 93-99). Plaintiff was a participant in the LTD Plan based on his employment with Marsh. ERISA governs the LTD Plan, and Marsh complied with the ERISA reporting and disclosure requirements for the LTD Plan under 29 U.S.C. § 1024(a)(1). A copy of the 2017 Form 5500 referencing the LTD Plan is attached hereto as Exhibit D. Plaintiff does not allege that the insured LTD component is non-ERISA.

      3.      Although Plaintiff's claim for benefits is couched in the language of a state-law contract action, the United States Supreme Court has held that where Congress so completely preempts a particular area of law, the lawsuit arising under state law becomes federal in character. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *see also Milby v. Liberty Life Assur. Co.*, 102 F. Supp. 3d 922, 927 (W.D. Ky. 2015). Indeed, the Supreme Court has recognized that the comprehensive remedial scheme established by ERISA for loss or denial of employee benefits is one area where Congress intended to provide for complete or super preemption of state law claims. *Taylor* at 64-67; *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004) (noting that causes of action within the scope of § 1132(a) are removable). "As a defense, [federal preemption] does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court. . . . One corollary of the well-pleaded complaint rule developed in

the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Taylor*, 481 U.S. at 63-64 (citation omitted). Thus, ERISA "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* at 65. "Accordingly, this suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, 'arise[s] under the . . . laws . . . of the United States,' 28 U.S.C. § 1331, and is removable to federal court by the defendants[.]" *Id*. at 67. Therefore, when a plaintiff is seeking relief that could have been brought under § 1132, such as Plaintiff here, that action is completely preempted by ERISA. *Davila,* 542 U.S. at 210.

4. In this action, it is abundantly clear that Plaintiff's claim for relief related to the LTD Plan is completely preempted by ERISA as his Complaint seeks to recover benefits under that ERISA-governed Plan. (*See* Exhibit A at 4 (¶¶ 23-25), 5 ("WHEREFORE" paragraph)).

5. Plaintiff's allegations that this action is not subject to ERISA and cannot be removed to this Court because the STD benefits do not fall under ERISA are incorrect. (*See* Exhibit A at 3 (¶¶ 4-5)). While Plaintiff's allegations regarding the STD benefits and his request for relief seeking those benefits are not ERISA-preempted, his allegations regarding the LTD Plan and request for relief related to

the benefits thereunder are completely preempted by ERISA. *See Basham v. Prudential Ins. Co. of Am.*, No. 3:11-CV-00464-CRS, 2012 WL 5878158, at *1 (W.D. Ky. Nov. 20, 2012) ("Plaintiff's claim regarding LTD benefits satisfies jurisdiction for this court because it is undisputed that the LTD benefits are governed by [ERISA]."); *Huisjack v. Medco Health Sols., Inc.*, 492 F. Supp. 2d 839, 850 (S.D. Ohio 2007) (applying complete preemption to claims to the extent they involved the LTD plan).

6. For the foregoing reasons, Plaintiff's claims seek to recover benefits and enforce rights under an ERISA plan. This Court therefore has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f). Accordingly, this cause of action, which could have originally been filed in this Court, is subject to removal under 28 U.S.C. § 1441(a) as an action arising under federal law. Defendants further state that this Court may exercise jurisdiction over Plaintiff's STD claim through its supplemental jurisdiction. *See* 28 U.S.C. § 1367.

## MISCELLANEOUS

7. A copy of this Notice of Removal is being filed with the Circuit Court of Jefferson County, Kentucky, as provided by law, and written notice is being sent to Plaintiff's Counsel.

8. Along with this Notice of Removal, Defendants will tender to the Clerk of this Court the funds necessary to secure removal.

9. This Notice of Removal is filed within thirty (30) days after receipt by Defendants of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

10. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

11. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Western District of Kentucky.

12. If any question arises as to the propriety of this removal, Defendants respectfully requests the opportunity to present a brief and argument in support of its position.

**WHEREFORE, PREMISES CONSIDERED,** Defendants Hartford Life and Accident Insurance Company and Marsh & McLennan Companies, Inc., by and through their undersigned counsel, pray that the above action currently pending against it in the Circuit Court of Jefferson County, Kentucky, be removed to this Court.

Respectfully submitted this _____ day of July 2019.

*/s/ William B. Wahlheim, Jr.*
William B. Wahlheim, Jr.
Attorney for Defendants

        [application for admission *pro hac vice* to be filed]

**OF COUNSEL:**
Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 254-1000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this 11th day of July 2019:

Robert A. Florio
1500 Story Ave.
Louisville, KY 40206
Counsel for Plaintiff

> /s/ William B. Wahlheim, Jr.
> OF COUNSEL