# Exhibit A

| | | |
|---|---|---|
| AOC-105  Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | <br>**CIVIL SUMMONS** | Case No. **19-CI-03328**<br>Court  ☑ Circuit ☐ District<br>County  Jefferson |

**PLAINTIFF**

DAVID BLACKWELL

JEFFERSON CIRCUIT COURT
DIVISION EIGHT (8)

VS.

**DEFENDANT**

THE HARTFORD
ONE HARTFORD PLACE
HARTFORD CT 06155

LAW DEPARTMENT
JUN 17 2019
LITIGATION UNIT

**Service of Process Agent for Defendant:**
SECRETARY OF STATE

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: **MAY 30 2019**

DAVID L. NICHOLSON, CLERK

By: _____ Clerk
    _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2____.

Served by: _____

_____ Title

| | | |
|---|---|---|
| NO. **19 CI 03328** | | JEFFERSON CIRCUIT COURT<br>DIVISION _____ |
| DAVID BLACKWELL | ) | PLAINTIFF |
| | ) | |
| v. | ) | |
| | COMPLAINT | JEFFERSON CIRCUIT COURT<br>DIVISION EIGHT (8) |
| | ) | |
| THE HARTFORD<br>One Hartford Plaza<br>Hartford, CT 06155 | )<br>)<br>) | |
| | ) | DEFENDANT |
| SERVE:<br>SECRETARY OF STATE | )<br>) | |
| | ) | LAW DEPARTMENT |
| -and- | ) | |
| | ) | JUN 17 2019 |
| Marsh & McLennan Companies Inc.<br>1166 Avenue of the Americas<br>New Your, NY 10036 | )<br>)<br>) | LITIGATION UNIT |
| Serve: | ) | A COPY<br>ATTEST: DAVID L. NICHOLSON, CLERK |
| CT Corporation System<br>306 W Main St.<br>Suite 512<br>Frankfort, KY 40601 | )<br>)<br>)<br>) | JEFFERSON CIRCUIT COURT<br>LOUISVILLE, KENTUCKY<br>BY_____D.C. |

\*\*\*            \*\*\*            \*\*\*

Comes the Plaintiff, DAVID BLACKWELL, by counsel, and for his cause of action against Defendant states as follows:

PARTIES AND VENUE

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.
2. Defendant, The Hartford, (hereinafter "carrier" or "Defendant" or " Hartford" ) is a corporation doing business in the Commonwealth of Kentucky.
3. The Defendant Marsh & McLennan Companies Inc. ("Marsh") is/was the Plaintiff's employer and the holder of the Short term disability trust fund ("STD") that forms the basis of this

litigation and thereby causes Marsh to be the real party in interest in this action.

4. This is an action brought by a participant to recover STD due to Plaintiff and, since the fund is employer based, the action not subject to the terms of §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), it a simple contract for disability insurance and wage replacement benefits.
5. This action is not suitable for removal to the United States District Court.
6. The amount in controversy exceeds $6000 but is less than $74,999.

## FACTS

7. Plaintiff was a full-time employee of Marsh for a sufficient time period so as to be eligible for wage replacement coverage under the terms of an insurance contract.
8. As a full time employee, Plaintiff was eligible for, and was participating in the STD and long-term disability plan ("LTD") offered by employer.
9. At all times relevant to this Complaint, the Plan was administered by Hartford and at all relevant times Hartford remained the so called "plan administrator".
10. At all relevant times the STD plan was underwritten by Marsh so that Marsh remains the real party at interest.
11. At all relevant time access to LTD wage replacement funds (which upon information and belief are underwritten by Hartford) required exhaustion of STD funds.
12. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled.
13. During the appeal process Hartford and Marsh compelled the Plaintiff to apply for Social Security Disability Benefits ("SSDI").
14. Plaintiff then applied for and was disapproved for STD benefits by Hartford. Such disapproval cuts off Plaintiff's access to LTD benefits.
15. Hartford's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant Hartford fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians.
16. Hartford's in-house reviewing staff erroneously concluded that the Plaintiff was capable of returning to work and to work full time, as he did before the onset of his disability. Hartford refused to consider all of the Plaintiff's medical ailments and combined effect on him to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.

17. Hartford's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.
18. Hartford is legally unable to deny Plaintiff's benefits based on even its own medical and vocational findings.
19. Since Hartford compelled Plaintiff to apply for SSDI benefits it is bound to the review the decision of the SSA even if said decision is outside of the administrative review time period.
20. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.
21. Defendant Hartford's conclusions that Plaintiff is not totally disabled, and/or does not suffer from medically documented restrictions and limitations that prevent full time employment, was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.
22. At all relevant times Hartford was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits. Thus it's decision to deny STD and cut off the path to LTD is a conflict of interest.

## COUNT 1
## DENIAL IS IN BREACH OF CONTRACT

23. Pursuant to the tenants of simple contract Plaintiff is entitled to STD disability benefits under the Plan.
24. Defendant has wrongfully denied Plaintiff STD benefits and has breached the terms of the Plan under the dictates of Kentucky law.
25. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the contract of wage replacement insurance.

WHEREFORE the Plaintiff prays as follows:

1. For payment of disability benefits due to him, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;
1. For attorney's fees and expenses that Plaintiff has incurred for enforcing his contractual rights;
2. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage its termination of benefits has caused respecting Plaintiff's credit history;
3. For any other attorney fees and costs expended in connection with the unlawful denial of benefits;
4. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, secondary federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

_____
ROBERT A. FLORIO
1500 STORY AVE.
Louisville, KY 40206
Counsel for Plaintiff
502-587-0228